R. J. LEECH, Respondent, v. J. R. WEST, WILLIAM GRIFFITH and THEODORE H. ALLEN, Appellants.

*If the appellant allow the twenty days to expire after taking the appeal, without framing a case, he waives his right to have a case stated; and a subsequent order of the Court, made without notice to the respondent, allowing further time to make up the statement, is a nullity.*

APPEAL from the Superior Court of the City of San Francisco.

The respondent filed his complaint against the appellants, stating that the plaintiff, being in possession of a water lot in San Francisco, lying between Pacific and Jackson streets, and bounded on the east by Front street, and occupying a part of it with his ship, called the Balance, which was well secured, &c.: while the keeper of the vessel was absent, the defendants wrongfully broke said vessel from her moorings, and towed her, with a steamer, into the bay, and cast her adrift; and that the plaintiff had as yet been unable to get his ship back to her former position; by reason whereof the plaintiff had sustained damage to the amount of $5000.

The defendants pleaded, first, that the *locus in quo* was part of the Bay of San Francisco; that the plaintiff placed the ship there without the permission, and contrary to the regulations of the harbour master, to the obstruction of navigation, and to the injury of the defendants; and that the defendants, having obtained the permission and command of the harbour master, removed the ship from where she had been so illegally placed, doing no unnecessary damage, &c. 2nd. That the *locus in quo* was the property of one Clarke, who, being lawfully seised and possessed thereof, did, before the supposed trespass, lease the lot to Gray & Vassoult, who were lawfully possessed thereof; and while they were so possessed, the plaintiff, without their consent, unlawfully entered, and placed said ship thereon, doing damage there, until the said time when, &c.; for which cause Gray & Vassoult requested the plaintiff to depart out of said lot, with his said ship, &c., which the plaintiff refused; wherefore the defendants, as agents of Gray & Vassoult, and by their com-

mand, gently removed said ship from said lot, doing no unnecessary damage, &c.    3d. That at the time of the said trespass, and always before, the *locus in quo* had been and was a public highway, and navigable tide-water, being part of the Bay of San Francisco; that the said ship was a mere hulk, not used, nor capable of being used for navigation, and was placed by the plaintiff in said highway, for the purpose of obstructing the navigation of the same, and which was so obstructed thereby, that the defendants could not pass with their boats, or otherwise use it, as by law they had a right to do; and the defendants requested the plaintiff to remove said ship, so that they might use said highway, which he refused; wherefore the defendants removed the same, so far as was necessary to enable them to use said highway, doing no unnecessary damage, &c.; which is the same trespass, &c.

The cause was tried by a jury.   The defendants claimed the right to begin; which was refused by the Court.

A great deal of testimony was adduced.    On the part of the plaintiff, the witnesses testified, in substance, that the plaintiff claimed the water lot on which the alleged trespass was committed, and drove sundry piles on it, some five or six months before the trespass; that a few days before the trespass, the plaintiff purchased the ship in question, and moored her on the lot, intending to build a house on her hull for storing goods; that the ship cost $750; that the defendants slipped her cable, and towed her into the bay, intending to cast her adrift; but before they had done so, the plaintiff recaptured her, and brought her back near to her former position; but was prevented from occupying the same position by piles driven there by Gray & Vassoult, who were covering the lot with buildings; that the plaintiff expended some $200 in getting the vessel back: and that a chain and anchor, worth about $100, were lost.

On the part of the defendants, the witnesses testified that W. S. Clarke claimed the lot, under a grant made by Alcalde Leavenworth, nearly three years before the trespass; that Clarke drove piles on the lot more than a year before the trespass, and had a storeship on it; that about a month before the trespass, Clarke leased the lot to Gray & Vassoult, and gave them possession; and they immediately commenced piling and building on it; that

the plaintiff jammed his ship among their piles so as to interfere with their work; whereupon Gray & Vassoult got an order from the harbour master, authorizing to remove her to a certain position off of the lot; but finding it difficult to reach the position assigned, the defendants (acting for Gray & Vassoult), towed her into the bay; and while they were doing so, the plaintiff retook the ship; that the plaintiff put up a small plank shanty on the lot, which Gray & Vassoult tore down.  The grant from Leavenworth to Clark, dated September 9th, 1849, and the lease from Clarke to Gray & Vassoult, dated April 18th, 1851, were read in evidence.  The plaintiff did not produce any paper title. His claim was said to be derived from a cotton grant.  It was proved that there had been suits, injunctions, &c., between Clarke and those under whom the plaintiff claimed, both parties claiming to be entitled to the possession.  The evidence showed that Clarke first claimed the possession, and drove piles, paid taxes, &c.; and that the plaintiff hauled his ship on the lot to prevent Gray & Vassoult from proceeding with their buildings, and for the purpose of acquiring to himself an actual occupancy of the lot.

The Court gave the jury all the instructions asked by the defendants; which were to the effect, that if Gray & Vassoult had the actual prior possession of the lot, and the plaintiff intruded on their possession, and placed the ship there to exclude them, they had a right to remove her; that the lot being covered with tide water, became the property of the State, when admitted into the Union; and that the effect of the first Water Lot Act, providing for the disposition of certain property of the State, passed March 26th, 1851, was to confirm the grant made by Leavenworth to Clarke.  The jury found a verdict for the plaintiff for $4000, July 24th, 1851.  The defendants on the next day filed a motion to set aside the verdict, as being contrary to the evidence, and the instructions of the Court; and also filed affidavits imputing to the jury misbehaviour and partiality; but which were contradicted by counter-affidavits filed by the plaintiff.  The motion was overruled August 30th, 1851, and final judgment rendered on the verdict.  The judgment purported to have been rendered the same day the verdict was given.  The record states that the motion was overruled on the plaintiff's motion, because

7

no one appeared to support it at the hearing. The defendants gave notice of appeal September 15th, 1851: and on the 18th of the same month, obtained an order of the Court, without notice to the plaintiff, enlarging the time for preparing a statement of the case to be annexed to the record, until the 1st of October following: within which time the statement was made and annexed to the record, the plaintiff reserving the right to object in the Supreme Court, that the defendants had waived their right to a statement, because the verdict and judgment were rendered on the 24th of July,—more than twenty days before the order enlarging the time for preparing a statement.

*Gilman* and *Van Buren*, for the appellants.

*Wm. Smith*, for the respondent, cited New Pract. Act, sec. 338; 1 Stark. Ev. 531–3; Sedgw., Dam. 38–44. 488–93; 3 How. Pr. Rep. 375; Gra. Pract. 331.

Justice HEYDENFELDT delivered the opinion of the Court. In this case, a preliminary question is raised by the respondent, the decision of which renders it unnecessary to examine the record any further. Under the statute regulating appeals, twenty days are allowed the appellant to frame his statement of facts, &c.; and the Court below may allow further time upon good cause being shewn. The statute also declares, that if the party shall fail to make out his statement within the twenty days allowed, he shall be deemed to have waived his right.

The appellant allowed the twenty days to expire without taking any step as the law required, or obtaining further time; and afterwards, without notice to the respondent, obtained an order of the Court below granting further time to make out a statement of the case, which he did, and obtained the certificate of the judge. The statement so made now accompanies the record.

We are constrained to decide that this practice is in violation of the statute. A right which the law declares in positive terms to be waived, cannot be restored by the action of any judicial tribunal. If such a construction of the act was admitted, the discretion of the Court below would be unlimited as to time, and parties recovering judgments would not have the assurance to which they are entitled of being free from litigation. We regard

the act as a statute of repose, and feel bound to give it full effect.

The statement, therefore, in the transcript of this cause has no legitimate existence, as a part of the record; and there being no error elsewhere, the judgment is affirmed.