(November 28, 1905.)

## STATE v. ROLAND.

[83 Pac. 337.]

EMBEZZLEMENT, WHAT CONSTITUTES—REMARKS OF JUDGE IN PRESENCE OF JURY—QUESTIONS OF FACT FOR THE JURY TO DETERMINE—INSTRUCTIONS OF THE COURT AND REFUSAL TO GIVE REQUESTS OF DEFENDANT.

1. Where it is shown that R. procured a horse from J., to be returned the next day, and rode him to a distant point, then sold him and converted the proceeds to his own use, he is guilty of embezzlement.

2. Where it is shown that remarks of the trial judge made in the presence of the jury in ruling on the admissibility of evidence were not prejudicial to the defendant, or did not indicate to the jury the feeling of the court as to the guilt or innocence of the defendant, no error is committed.

3. Where it is shown that the contract for possession of the alleged embezzled property is made in one county and it is disposed of in another county, and the court fully and fairly instructs the jury as to the law of the case, leaving that question entirely to them, it becomes a question of fact solely for their determination, and this court will not disturb their verdict, unless it is shown by the record that their verdict is not justified or supported by the evidence.

4. Where the court instructs fully and fairly on every issue involved in the prosecution, it is not error to refuse requests of defendant covering the same issues, but couched in different language.

(Syllabus by the court.)

APPEAL from the District Court of Nez Perce County. Honorable Edgar C. Steele, District Judge.

Defendant was convicted of the crime of embezzlement and appealed from the judgment and order overruling motion for a new trial. Judgment affirmed.

The facts are stated in the opinion.

George W. Tannahill and G. Orr McMinnimy, for Appellant.

The information is insufficient, as it should have alleged the facts. (*People v. Scott,* 74 Cal. 94, 15 Pac. 384; *Duncan*

*v. State* (Tex. Cr. Rep.), 70 S. W. 543; *State. v. Swensen* (Idaho), 81 Pac. 379; *People v. Murphy*, 51 Cal. 376.) If a person in one county is intrusted by another with personal property to be returned to the owner, and afterward takes it to another county and there embezzles it, he cannot be tried for the crime in the county where he received it unless he conceived the intention of committing the crime when he received it. (*People v. Stakem*, 40 Cal. 599; *State v. Vennum*, 67 Kan. 868, 74 Pac. 268; *Ex parte Cook* (Cal.), 39 Pac. 16; *State v. Bonner*, 178 Mo. 424, 77 S. W. 463; *People v. Scott, supra.*) It is necessary to allege and prove the fiduciary relations existing between the defendant and the owner of the property embezzled. (7 Ency. of Pl. & Pr. .452; *McCann v. United States*, 2 Wyo. 274; *Watson v. State*, 70 Ala. 13, 45 Am. Rep. 70; *People v. Johnson*, 91 Cal. 265, 27 Pac. 663; *Johnson v. State*, 46 Tex. Cr. Rep. 415, 80 S. W. 621; *People v. Dougherty*, 143 Cal. 593, 77 Pac. 466; 12 Ency. of Law, 479, and cases there cited.)

J. J. Guheen, Attorney General, Edwin Snow and F. S. Wettach, for Respondent.

No indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of any defect or imperfection in matter or form which does not tend to the prejudice of a substantial right of the defendant upon its merits. .(Pen. Code, sec. 5347; *People v. Dinsmore*, 102 Cal. 382, 36 Pac. 661; *State v. Patterson*, 116 Ind. 45, 10 N. E. 289, 18 N. E. 270; *Stevenson v. State*, 5 Baxt. (Tenn.) 683; *State v. Burnett*, 81 Mo. 119; *State v. McDaniel*, 94 Mo. 305, 7 S. W. 634.) It has been repeatedly held that an information may allege a certain day upon which a crime has been committed, and the proof may show an entirely different day, providing only the proof shows a day prior to the filing of the information and within the statute of limitations. (See *State v. Rogers*, 31 Mont. 1, 77 Pac. 293; *State v. Dawkins*, 32 S. C. 17, 10 S. E. 772; *State v. Hutchinson*, 111 Mo. 257, 20 S. W. 34.)

STOCKSLAGER, C. J.—Appellant was charged with the crime of embezzlement in the district court of Nez Perce county; was convicted and sentenced to serve a term of one year and six months in the penitentiary of the state. This appeal is from the judgment, and from an order overruling a motion for a new trial. The information charges that on the fifteenth day of November, 1905, at the county of Nez Perce, in the state of Idaho, the aforesaid William Roland, then and there being, committed the crime of embezzlement as follows: The said William Roland, on the fourteenth day of November, A. D. 1905, in the county of Nez Perce, in the state of Idaho, was intrusted with one bay horse of the value of seventy dollars by Charles F. Jackson, said horse being then and there the property of said Charles F. Jackson; that by the terms of the said trust said William Roland was to use said horse for his own benefit for a part of one day, and return said horse to Charles F. Jackson on the fifteenth day of November, A. D. 1904. That said William Roland did not return said horse to said Charles F. Jackson according to the terms of said trust, but did, on the fifteenth day of November, 1904, in said county of Nez Perce and state of Idaho, willfully, unlawfully, feloniously and fraudulently convert said horse to his own use, and embezzle the same contrary to his said trust.

Counsel for appellant assign thirty errors occurring on the trial, but in their brief say that the case may be considered under three heads:

"1. The information failed to state facts sufficient to constitute an offense . . . . for the reason that the information failed to charge such fiduciary relation as required by the statute to constitute the crime of embezzlement. The information further failed to charge and allege facts sufficient to admit of proof of the alleged conversion of the horse in Latah county, and the admission of this evidence over the objection of defendant was indefinite and uncertain as to the date of the alleged commission of the offense, charging the offense to have been committed on November 15, 1905, and

that the defendant was intrusted with the horse on November 15, 1904.''

After the jury had returned a verdict of guilty, and prior to sentence, counsel for defendant filed a motion in arrest of judgment, which sets up that the information is insufficient upon which to base any judgment, and that such insufficiency consists in this: 1. That it does not appear therefrom the circumstances under which the alleged offense was committed, or the time and place, with sufficient certainty to advise the defendant of the nature of the offense, and the information is insufficient to give the court any jurisdiction of the offense, the person of the defendant, or the subject matter of the action; 2. That the information is ambiguous, unintelligible and uncertain, and that such uncertainty consists in this—that it does not appear therefrom whether or not the offense was committed in November, 1905, or November, 1904, and affirmatively appears therefrom that the offense is charged to have been committed on the fifteenth day of November, 1905; 3. That it does not appear therefrom, or from the evidence, that the offense was committed in Nez Perce county, state of Idaho; 4. That the information as a whole is insufficient upon which to base a judgment.

It is clearly apparent that a clerical error exists in the information wherein it is charged that the crime was committed on the fifteenth day of November, 1905. It is shown that on the fifteenth day of March, 1905, the information was filed, and alleges that prior thereto defendant had had a preliminary examination, and was held to answer in the district court to the charge of embezzlement.

Section 7687 of the Revised Statutes says: ''No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits.'' What possible right of the defendant was in jeopardy by reason of the error in the information? He was informed by the information that he was charged with embezzling the property of the complaining witness, that he had disposed of

such property in Moscow, and converted the proceeds to his own use without the consent of the owner; the time was fixed elsewhere in the information, and it was certainly apparent to anyone who examined the information that November 15, 1905, was intended for November 15, 1904. This being true, with the section of the statute above quoted, we are dispsed to hold that it was harmless error, as it could not have prejudiced the rights or interests of the defendant in any particular. It is also urged by counsel that the information is indefinite and uncertain as to the time of the commission of the alleged offense, and did not state facts sufficient to apprise the defendant of the nature of the offense alleged, and the time of its commission or the circumstances under which it is alleged to have been committed, and a fatal variance between the allegations of the information and the proof, the evidence showing that the horse was taken in Nez Perce county, and ridden to Latah county, and disposed of in the latter county. If we correctly read and construe the information, this contention must fail. Defendant was informed by the allegations of the information that he had been intrusted with a certain horse by Charles F. Jackson in Nez Perce county, Idaho; the date is fixed as November 14, 1904; that he was to use said horse a part of one day and return him to Charles F. Jackson on the fifteenth day of November, 1904; that he did not return the horse according to the terms of the trust, but on the fifteenth day of November, 1904, in said county of Nez Perce, willfully, unlawfully, feloniously and fraudulently converted the horse to his own use and embezzled the same. It occurs to us that this information was amply sufficient to inform the defendant what he had to meet in court upon his trial.

In support of this contention that the information is defective, in that it is indefinite and uncertain, etc., counsel for appellant call our attention to *Duncan v. State* (Tex. Cr.), 70 S. W. 543. In this case it is said: "The charging part of the indictment is that appellant did then and there have possession of a mule, then and there the property of Joe Taylor, by virtue of his contract of hiring with said Joe Taylor, and

did then and there unlawfully and without the consent of the said Joe Taylor, the owner thereof, fraudulently convert said horse to his, the said Richard Duncan's, own use." The court said: "A party could not have possession of a mule by virtue of a contract of hiring and be convicted for converting a horse." We are certainly in full harmony with the conclusion reached by the Texas court above quoted, but no such defect exists in the information under consideration.

Our attention is also called to *State v. Swensen* (Idaho), 81 Pac. 379. We find nothing in this case that lends aid to appellant in his contention that the information is defective. It is next insisted by counsel for appellant that the rights of appellant were prejudiced by certain remarks of the trial judge in ruling on the admission of certain evidence. The eighth assignment relates to the excluding of the offer made by defendant as to what he would show by the cross-examination of witness Vosberg: "Q. We want to prove the condition Mr. Roland was in at the time, and where he was." In passing on the competency of this question the court said: "You are asking something that might put the witness in a wrong light, and the court is here to protect the witnesses generally." It would not seem that it would matter materially where Mr. Roland was or what may have been his condition at the time he may have made statements of any character. It is next shown that the following question was asked of the witness Departee: "Did you ever know of him running a gambling den in the Red Light saloon in Moscow?" The county attorney objected to this question, and the court said: "You need not answer the question. There is no materiality about it. It is not proper." The next assignment relates to a question of defendant's counsel to the same witness: "Did you know what his occupation was?" This question related to witness Robert L. Vosberg, to which the county attorney objected. In passing upon this question the court said: "We are not trying other people; we are trying the defendant. It is not necessary to go further. It is admitted he married this man's wife; there is no contention about that."

It is shown by the record that Vosberg married the former wife of appellant, and defendant was evidently trying to show bias or prejudice of witness Vosberg against appellant. This could not be shown by the questions above referred to. The fact that he may have been engaged in an unlawful business was not sufficient to discredit his evidence. This court has expressed itself frequently on the danger of comment of any kind by the trial court on the admission or rejection of evidence or any expression from which jurors might infer the feeling of the court as to the guilt or innocence of the accused. We do not find in any of the expressions of the court anything from which jurors could infer what the opinion of the learned judge was as to the guilt or innocence of the accused. Neither do we find error in the ruling of the court on the admissibility of the evidence. This brings us to a consideration of the instructions given by the court and the refusal to give certain requests of counsel for appellant. It is earnestly insisted by learned counsel for appellant that the evidence shows if any crime was committed, it was committed in Latah county, and hence the court had no jurisdiction to try the case in Nez Perce county. We have read the evidence of all the witnesses as well as the instructions of the court bearing on this question, and it seems to us that the determination of this question was left entirely to the jury to determine. By their verdict they said the crime was committed in Nez Perce county, and we do not see any reason why their verdict should be disturbed. The court instructed the jury very fully and fairly on every material issue involved, and where that is true there is no error in refusing requests by defendant covering the same issues. The judgment of the lower court is affirmed.

Ailshie, J., and Sullivan, J., concur.