912 P.2d 664

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Dean H. HOLCOMB, Defendant–Appellant.**

**No. 21077.**

Court of Appeals of Idaho.

Aug. 29, 1995.

Clark & Feeney, Lewiston, for appellant. Douglas L. Mushlitz argued.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, and Catherine Derden, Arkansas, for respondent. Catherine Derden argued.

LANSING, Judge.

Dean Holcomb entered a conditional plea of guilty to the charge of possession of a controlled substance, I.C. § 37–2732(c)(1), reserving his right to appeal from the denial of his motion to suppress evidence, the denial of two motions to dismiss which challenged the sufficiency of the evidence at the preliminary hearing and the sufficiency of the information, and the denial of an alternative motion for a bill of particulars. We conclude the evidence in question was lawfully seized and need not be suppressed, that Holcomb's motions to dismiss were properly denied, and that a bill of particulars was not necessary. Therefore, we affirm.

## I.

### FACTS

The following facts are derived from testimony given at Holcomb's preliminary hearing and the hearing on his motion to suppress evidence. On May 21, 1993, at approximately 1:20 a.m., Officer Nelson of the Lewiston Police Department was patrolling the downtown Lewiston area near a tavern which, according to reports received by the police, was a site of drug activity. As Officer Nelson passed by the tavern, he observed two individuals sitting in a pickup truck parked on the street nearby. The officer stopped in an alley approximately forty yards from the pickup and observed the individuals bending over, apparently doing something with their hands below the level of the dashboard. The person seated on the driver's side of the pickup was later identified as Dean Holcomb. While the officer continued his surveillance, both occupants exited the pickup and went inside the tavern. Holcomb was next observed about five minutes later as he left the tavern and returned to the pickup with another individual. The two again bent over or "laid over" and appeared to be attending to activities at a level below the dashboard. To Officer Nelson this conduct appeared to be consistent with inhalation of drugs, although he could not directly observe any drug use. Officer Nelson was joined by Officer Smith, and the two then approached Holcomb's ve-

hicle on foot. The men in the pickup saw the officers approaching and exited the vehicle. When the policemen arrived, Holcomb was standing beside the driver's door of the pickup with the door open. Officer Nelson testified that Holcomb appeared to be quickly trying to put something in his pocket.

Officer Nelson told Holcomb that he suspected drug activity and asked Holcomb for identification. Holcomb produced his driver's license. He also attempted to close the door of the vehicle, but Officer Nelson asked that Holcomb leave the door open. While Officer Nelson was temporarily distracted by a conversation with Officer Smith, Holcomb closed the door. Holcomb was asked if there were any drugs or contraband in the vehicle, and he replied that there were none. According to Officer Nelson, he then asked for permission to search the pickup, to which Holcomb responded, "Sure go ahead." When the officer attempted to open the driver's side door, however, he found it to be locked. Holcomb then asked if the police had a warrant. At that point, Officer Nelson asked if Holcomb was withdrawing his consent to search. Holcomb replied, "No," but again asked if there was a warrant. After Officer Nelson asked once more if Holcomb was withdrawing his consent, and Holcomb again replied that he was not, Nelson requested that Holcomb unlock the door, which he did. As soon as the door was opened, the officers saw what appeared to be a marijuana pipe in the door-pocket of the pick-up. Nelson seized the pipe.

While Officer Nelson continued his search of the vehicle, Officer Smith moved both Holcomb and the other man a short distance away from the pickup. Soon thereafter, Officer Smith saw a small, folded paper bindle on the sidewalk where Holcomb and his companion had been standing only seconds before. The bindle was later found to contain cocaine. Further searching of the pickup yielded a bank deposit slip bearing Holcomb's name, from which a corner had been torn. The deposit slip matched the paper used to make the bindle, and it appeared that the bindle paper had been torn from the deposit slip. More cocaine residue was found

scattered upon the seat and transmission housing of the pickup.

Holcomb and the other man were arrested, and Holcomb was charged with possession of cocaine. He filed a motion to suppress all of the cocaine and other evidence seized from the vehicle and his person, two motions to dismiss the charges against him and an alternative motion for a bill of particulars. All of the motions were denied, and Holcomb then entered a conditional plea of guilty reserving his right to appeal the denial of his motions.

## II.

## ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE PROBABLE CAUSE DETERMINATION

Holcomb's first motion sought dismissal of the charges against him on the ground that insufficient evidence was adduced at the preliminary hearing to support the magistrate's finding of probable cause. On appeal he asserts that the district court erred in denying this motion.

■ When the State charges a person with a felony, unless he is indicted by a grand jury, the defendant is entitled to a preliminary hearing to determine if there is sufficient evidence to warrant holding him to answer in the district court. I.C.R. 5.1. *See also* I.C. §§ 19–804, –814, –815. At the preliminary hearing the State is not required to prove the defendant guilty beyond a reasonable doubt. Rather, it need only show that a crime was committed and that there is probable cause to believe the accused committed it. *State v. Horn,* 101 Idaho 192, 195, 610 P.2d 551, 554 (1980); *State v. Greensweig,* 102 Idaho 794, 641 P.2d 340 (Ct.App.1982). The denial of a motion to dismiss following a preliminary hearing will not be disturbed on appeal if, under any reasonable view of the evidence including permissible inferences, it appears likely that an offense occurred and that the accused committed it. *State v. Williams,* 103 Idaho 635, 651 P.2d 569 (Ct. App.1982), *overruled on other grounds by State v. Pierce,* 107 Idaho 96, 99, 685 P.2d 837, 840 (Ct.App.1984).

In challenging the sufficiency of the evidence of his guilt, Holcomb notes that because no cocaine was found on his person, the State must establish that he was in constructive possession, and he invokes the rule that constructive possession can be established only by showing that the defendant had knowledge and control of the substance. *See State v. Warden,* 97 Idaho 752, 554 P.2d 684 (1976); *State v. Gomez,* 126 Idaho 700, 889 P.2d 729 (Ct.App.1994). Holcomb argues that the evidence was insufficient to show that he, rather than his companion in the pickup, was the one in control of the cocaine. In support of his argument he relies upon several cases where evidence was found insufficient to prove a defendant's guilt of possession of a controlled substance because multiple · parties had equal access to the drugs, e.g., *State v. Randles,* 117 Idaho 344, 787 P.2d 1152 (1990); *State v. Vinton,* 110 Idaho 832, 718 P.2d 1270 (1986); *State v. Burnside,* 115 Idaho 882, 771 P.2d 546 (Ct. App.1989); *State v. Garza,* 112 Idaho 778, 735 P.2d 1089 (Ct.App.1987).

The cases cited by Holcomb are inapposite, however, for they address the quantum of evidence necessary to prove guilt beyond a reasonable doubt at trial, a much stricter standard of proof than that applicable to preliminary hearings. At Holcomb's preliminary hearing the State was required only to show probable cause to believe that Holcomb possessed the drugs. This belief must be supported by substantial evidence. I.C.R. 5.1(b); *State v. Pratt,* 125 Idaho 546, 556, 873 P.2d 800, 810 (1993).

■ After reviewing the transcript of the preliminary hearing, we conclude that the magistrate's finding of probable cause was supported by the evidence. As noted above, cocaine was found both scattered across the seat and floor of Holcomb's pickup and in a bindle lying near his feet. The paper used to make the bindle of cocaine was torn from a bank deposit slip bearing Holcomb's name and lying under the floor mat of the pickup. From this evidence, a reasonable inference could be drawn that Holcomb had physically possessed the cocaine and had either dropped the bindle himself or had previously transferred the bindle to his companion. In

addition, Officer Nelson's observations of Holcomb sitting in the pickup first with one individual and then with another, bending over in a fashion consistent with inhalation of cocaine, and hurriedly putting something in his pocket when the police approached, give rise to a reasonable inference that Holcomb was aware of the presence of cocaine and had been in physical control of the substance. This was sufficient to meet the State's burden of proof at the preliminary hearing stage.

## B. SUFFICIENCY OF INFORMATION

Holcomb next complains that the information charging him with possession of a controlled substance was legally insufficient to place him on notice of the acts for which he stood accused. Holcomb asserts that he was unable to determine from the information whether he was being charged for possession of the bindle of cocaine found on the sidewalk or the cocaine found scattered in the pickup or both.

Whether an information is legally sufficient is a question of law subject to our free review. *State v. Robran,* 119 Idaho 285, 805 P.2d 491 (Ct.App.1991); *State v. Clark,* 115 Idaho 1056, 1057, 772 P.2d 263, 264 (Ct. App.1989). An information must present a plain, concise, and definite statement of the essential facts constituting the offenses charged. I.C.R. 7(b). *See also* I.C. §§ 19–1303, 19–1409 through 19–1418; *State v. Darbin,* 109 Idaho 516, 519, 708 P.2d 921, 924 (Ct.App.1985). The legal sufficiency of an information turns upon whether it fulfills the basic functions of a pleading instrument. To meet this functional standard, an information must, first, contain the elements of the offense charged and fairly inform the defendant of the charge against which he must defend, and, second, enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *State v. Gumm,* 99 Idaho 549, 551, 585 P.2d 959, 961 (1978); *Robran,* 119 Idaho at 287, 805 P.2d at 493.

In Holcomb's case the information charged that Holcomb was:

[in] POSSESSION OF A CONTROLLED SUBSTANCE, I.C. 37–2732(c)(1), a felony, on or about May 21, 1993, in that said defendant did unlawfully possess a controlled substance, to-wit: Cocaine, classified in Schedule II of the Uniform Controlled Substances Act, while at or near 500 Main Street, Lewiston, Nez Perce County, State of Idaho, said count(s) is (are) contrary to the form of the statute in such case(s) made and provided.

We conclude that, although not a model of specificity or of grammatical construction, this information included all of the elements of the offense and sufficiently informed Holcomb of those acts for which he was accused. The pleading identifies the substance that Holcomb is alleged to have possessed and the date and place of possession. In the absence of any suggestion in the information that the State was charging Holcomb with possession of only a portion of the cocaine found on that date, Holcomb was on notice that he must be prepared to present a defense regarding all of the cocaine so found.

Moreover, proceedings that occurred before the information was filed eliminated any uncertainty as to whether the charges were based upon both the cocaine in Holcomb's pickup and that in the bindle. At the preliminary hearing the State presented evidence regarding both portions of the cocaine. At the conclusion of the hearing, Holcomb's attorney pointed out that the magistrate could find the evidence sufficient as to possession of only one or the other. The magistrate responded that if he found the evidence adequate to show probable cause that Holcomb possessed only the cocaine in the bindle or only that in the pickup, he would so indicate in his order, but if the magistrate concluded that the evidence was adequate as to both of these quantities of cocaine, he would simply sign a general order holding Holcomb to answer in the district court. The magistrate later issued an order binding Holcomb over to the district court without further comment. In view of these proceedings, Holcomb plainly was aware that the prosecution was going forward with respect to both quantities of cocaine and that probable cause had been found as to both.

## C. DENIAL OF BILL OF PARTICULARS

In the alternative to his motion to dismiss the charges on grounds that the information was legally insufficient, Holcomb asked that the district court order the State to provide a bill of particulars. The State questions whether orders for bills of particulars are still authorized under the laws of this State since there is no provision for bills of particulars in the Idaho Criminal Rules. Assuming, without deciding, that motions and orders for bills of particulars are still permissible in Idaho,[1] we conclude such an order was unnecessary in the instant case. "The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial." 1 Charles A. Wright, FEDERAL PRACTICE AND PROCEDURE § 129 at 434–35 (1982). Here, Holcomb's motion was filed following a full preliminary hearing at which he was allowed to cross-examine the State's witnesses regarding the evidence against him and the facts giving rise to the charges. Holcomb has identified no aspect of the charges about which he had insufficient information to prepare a defense or about which he would have been subject to surprise at trial. We therefore find no error in the denial of his motion for a bill of particulars.

## D. MOTION TO SUPPRESS

Holcomb next argues that he was unlawfully detained by the officers in violation of the prohibitions against unreasonable seizures of the Fourth Amendment to the United States Constitution and Art. 1, § 17 of the Idaho Constitution. He contends that any consent to search his vehicle was a product of this illegal detention, and that all physical evidence found as "fruit" of the unlawful detention must be suppressed. *See Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *State v. Muir,* 116 Idaho 565, 777 P.2d 1238 (Ct.App.1989). Alternatively, he argues that even if the officers' detention and questioning of Holcomb was lawful, his consent to the search of his pickup was involuntary and, therefore, the cocaine in the pickup should have been suppressed.

When reviewing orders on motions to suppress evidence, we accept the district court's findings of fact if they are supported by substantial evidence, but we freely review the court's determination whether constitutional standards were satisfied in view of the facts found. *State v. Aitken,* 121 Idaho 783, 784, 828 P.2d 346, 347 (Ct.App.1992); *State v. Emory,* 119 Idaho 661, 662, 809 P.2d 522, 523 (Ct.App.1991).

We have observed that there is an important distinction between completely voluntary contacts between the police and citizens, which are free of restraint or coercion and therefore outside the ambit of the Fourth Amendment, and, on the other hand, investigative detentions, which are seizures of limited duration that infringe Fourth Amendment protections unless they are based upon a reasonable suspicion of criminal activity. *See State v. Zubizareta,* 122 Idaho 823, 826–27, 839 P.2d 1237, 1240–41 (Ct.App. 1992); *State v. Knapp,* 120 Idaho 343, 346, 815 P.2d 1083, 1086 (Ct.App.1991); *State v. Zapp,* 108 Idaho 723, 726–27, 701 P.2d 671, 674–75 (Ct.App.1985). Although the parties

---

1. Idaho Criminal Rule 7 makes no provision for such proceedings. Our rule thus contrasts with Federal Criminal Rule 7, from which Idaho's rule is substantially derived, and which specifically authorizes such motions and orders. Federal Criminal Rule 7(f). The reported decisions in Idaho implying that an order for a bill of particulars is permissible predate the adoption of the Idaho Criminal Rules. *See, e.g., State v. Bailey,* 94 Idaho 285, 486 P.2d 998 (1971); *State v. Gee,* 48 Idaho 688, 699, 284 P. 845, 849 (1930); *State v. Clark,* 47 Idaho 750, 754–55, 278 P. 776, 778 (1929). In *State v. Neil,* 58 Idaho 359, 364, 74 P.2d 586, 587 (1937), the Idaho Supreme Court refused to express an opinion as to the appropriateness of a bill of particulars. Chief Justice Morgan in a concurring opinion expressed the opinion that a "bill of particulars" had no place in the criminal procedure of Idaho. *Id.* at 371, 74 P.2d at 590. Although several appellate cases subsequent to the adoption of the Idaho Criminal Rules mention that such motions were filed in the district court, none of the cases address whether such motions are proper under our rules. *See State v. Lewis,* 123 Idaho 336, 848 P.2d 394 (1993); *State v. Ritchie,* 114 Idaho 528, 757 P.2d 1247 (Ct.App.1988); *State v. Blume,* 113 Idaho 224, 743 P.2d 92 (Ct.App.1987).

dispute whether, up to the point when contraband was found, Officer Nelson's confrontation and questioning of Holcomb amounted to an investigative detention or only a voluntary encounter, for purposes of our analysis we will assume that by the time Officer Nelson requested permission to search Holcomb's pickup, an investigative detention had occurred.

■ The police may, in appropriate circumstances and in an appropriate manner, detain a person for purposes of investigating possible criminal activity even though they lack probable cause to make an arrest. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *State v. Rawlings*, 121 Idaho 930, 932, 829 P.2d 520, 522 (1992). Such a seizure is justified under the Fourth Amendment if the police hold a reasonable suspicion, based on specific articulable facts, that the detainee has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *State v. Waldie*, 126 Idaho 864, 893 P.2d 811 (Ct.App.1995); *State v. Osborne*, 121 Idaho 520, 525, 826 P.2d 481, 486 (Ct. App.1991). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *Rawlings*, 121 Idaho at 932, 829 P.2d at 522; *Emory*, 119 Idaho at 664, 809 P.2d at 525; *Osborne*, 121 Idaho at 526, 826 P.2d at 487.

■ Here the officers' observations of Holcomb's activity gave a reasonable basis to suspect that Holcomb and his companion were engaged in the use of controlled substances. Holcomb's pickup was parked across the street from a tavern that was reportedly a center of drug activity. Officer Nelson had seen Holcomb and another person sitting in the pickup, bending over and engaging in body movements that were consistent with inhalation of drugs. Holcomb and that individual then went into the tavern, and Holcomb returned about five minutes later with another person and again engaged in the same behavior in the pickup. As Officer Nelson approached the pickup, and before any contact between the officer and Holcomb that could arguably amount to a detention, Officer Nelson saw Holcomb quickly placing something in his pocket. Although these observations would not have created probable cause to arrest Holcomb at that point, they were sufficient to create a reasonable suspicion of criminal activity which justified further inquiry. Therefore, Holcomb's claim that his consent to a search of the pickup and the officers' discovery of the bindle of cocaine on the sidewalk were the product of an unconstitutional detention of Holcomb is without merit.

■ Holcomb next argues that even if his detention was lawful, the search of his pickup violated the Fourth Amendment's prohibition against unreasonable searches because his consent to the search was coerced. A search conducted by agents of the government without a warrant is presumptively unreasonable. *State v. Woolery*, 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989); *State v. Huskey*, 106 Idaho 91, 93, 675 P.2d 351, 353 (Ct.App.1984). The State therefore bears the burden to demonstrate that the search fell within an exception to the warrant requirement. *Woolery*, 116 Idaho at 370, 775 P.2d at 1212; *State v. Bottelson*, 102 Idaho 90, 92, 625 P.2d 1093, 1095 (1981). Here, the State relies upon the rule that a warrantless search may be conducted where there has been a voluntary consent to the search. *See State v. Aitken*, 121 Idaho 783, 828 P.2d 346 (Ct.App.1992); *State v. Huskey*, *supra*. It is therefore the State's burden to prove that Holcomb's consent to the search of his pickup was freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Huskey*, 106 Idaho at 94, 675 P.2d at 354. The voluntariness of a consent to search must be determined from the totality of the circumstances. *Id.*

■ Holcomb contends that his consent was coerced, but he points to no coercion other than the mere presence of the two police officers and the fact that Officer Nelson had questioned Holcomb. It is well-established that even an arrest of a defendant is not enough in itself to demonstrate that a consent to search was coerced. *United States v. Watson*, 423 U.S. 411, 424, 96 S.Ct. 820, 827, 46 L.Ed.2d 598 (1976); *Aitken*, 121 Idaho at 785, 828 P.2d at 348. It necessarily follows that an investigative detention not rising to the level of an arrest

does not, standing alone, demonstrate coercion.

 According to the evidence presented in the motion to suppress, when Officer Nelson asked if he could search the vehicle, Holcomb agreed. When Holcomb then asked if the officer had a search warrant, the officer twice asked Holcomb if he was withdrawing his consent. Holcomb twice replied that he was not and then unlocked the pickup door for the officer. We find nothing in the evidence to support Holcomb's contention that his consent was coerced. Therefore, the district court's determination that Holcomb voluntarily consented to the search of his pickup was not erroneous.

Finally, Holcomb argues that even if his detention and the search of his vehicle complied with the Fourth Amendment to the United States Constitution, they are invalid under Art. 1, § 17 of the Idaho Constitution. Holcomb has, however, presented no specific argument as to how standards under the Idaho Constitution should differ from those of the Fourth Amendment as applied to the facts of this case. We decline to address his mere vague assertion that the state constitution should be somehow interpreted to afford "greater protection" in these circumstances.

### III.

### CONCLUSION

In summary, we find no error in the district court's conclusions that Holcomb was not subjected to an unconstitutional seizure and that he consented to the search of his vehicle. The information charging Holcomb with possession of a controlled substance was sufficient, and the evidence adduced by the State at the preliminary hearing provided probable cause to believe that Holcomb committed the offense charged. We also conclude that Holcomb's motion for a bill of particulars was properly denied. Accordingly, the orders challenged by the appellant and the judgment of conviction are affirmed.

WALTERS, C.J., and SWANSTROM J. Pro.Tem., concur.