771 P.2d 546

STATE of Idaho, Plaintiff–Respondent,

v.

Robert L. BURNSIDE,
Defendant–Appellant.

No. 17203.

Court of Appeals of Idaho.

March 27, 1989.

Lance D. Churchill, Churchill & Vander Boegh, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Robert Burnside was convicted in the district court for Bonneville County of possession of psilocybin mushrooms with the intent to deliver and of possession of methamphetamine. I.C. § 37–2732. The mushrooms and the methamphetamine were discovered in Burnside's automobile during a search pursuant to a warrant. On appeal, Burnside raises three issues. First, he contends the district court erred by denying a motion to suppress the evidence seized as a result of the search. In this regard, Burnside challenges the validity of the search warrant, arguing that there was not probable cause for the issuance of the warrant and that the affidavit submitted to obtain the warrant contained an intentionally or recklessly false statement. Next, he submits that the verdict of guilty of possession of the mushrooms with intent to deliver was not supported by substantial evidence. Finally, he argues that the district court erred by refusing to grant his motion for a new trial on the mushroom charge, requested on the basis that one of the jurors had been pressured by the others into reaching the guilty verdict.

We hold that the search warrant was based upon probable cause, disregarding the alleged misleading statement in the supporting affidavit. We conclude that the verdict of guilty of possession of psilocybin mushrooms with the intent to deliver was not based upon substantial evidence and we vacate that part of Burnside's judgment of conviction. In view of this conclusion, we need not decide the merits of the trial court's ruling on the new trial motion.

The facts may be stated briefly. Police suspected Burnside was soon to deliver some methamphetamine to the Idaho Falls area. They obtained a search warrant, authorizing them to search Burnside's automobile. Later, when Burnside and a passenger, John Redd, were eating in a local restaurant, an officer approached Burnside and informed him he had a warrant to search the car. A search was conducted and the police seized psilocybin mushrooms and methamphetamine. Burnside was subsequently found guilty by a jury of possessing the mushrooms with the intent to deliver and of possessing methamphetamine.

I

We turn first to Burnside's challenge to the search warrant. As noted, Burnside argues that the warrant was not based upon probable cause and that the supporting affidavit contained misleading statements.

A.

We will first address the probable cause determination. The Fourth Amendment to the United States Constitution and Article 1 § 17 of the Idaho Constitution

require that a search warrant be supported by probable cause. When we review a magistrate's finding of probable cause, we must determine whether there was a substantial basis, under the totality of the circumstances, for the magistrate to conclude that probable cause existed to issue the warrant. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983). We use the two-pronged *Aguilar–Spinelli* test, which requires a showing of the informant's veracity and basis of knowledge, *see Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), as a first step in our determination of probable cause. If one or both prongs of the *Aguilar–Spinelli* test have not been met, we then turn to the totality of the circumstances to make our determination.

Here, the totality of the circumstances supported a finding of probable cause. The affidavit submitted by Officer Ericsson to the magistrate contained the following information. An FBI informant provided details concerning Burnside's drug trafficking organization. This information included names and addresses of Burnside's suspected cohorts. The FBI informant indicated he had witnessed Burnside make drug deliveries and he had overheard a conversation wherein Burnside indicated he was planning to soon make another drug delivery. The informant described Burnside's car, the substance to be delivered (methamphetamine) and the possible place of concealment (the door panel of the vehicle). Officer Ericsson's own investigation and tips from other informants corroborated much of this information. Ericsson's informants also supplied names of Burnside's suspected cohorts. Ericsson himself had observed Burnside frequenting the residences of the suspected accomplices. He stated in the affidavit that he saw Burnside, in the company of one of the alleged accomplices, replacing the door panel on his car. Finally, Officer Ericsson stated he had recently seen Burnside make contact with a man who was in the company of another of Burnside's suspected co-

horts. This cohort had been arrested by Ericsson "earlier that day" for delivery of a controlled substance to an undercover officer.

The informants tended to corroborate each other. The information contained in the affidavit was also quite detailed. Applying the totality of circumstances test to these facts, we conclude the magistrate had a substantial basis for determining that probable cause existed to issue the search warrant.

## B.

■ We next address Burnside's contention that the seized evidence should have been suppressed because the affidavit in support of the search warrant contained a false statement. Evidence is suppressible if it is seized pursuant to a search warrant which is based upon an affidavit containing false information, made knowingly and intentionally or with reckless disregard for the truth. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *Franks* has been extended to allow challenges to affidavits based on deliberate omissions of material facts which cause a seemingly truthful affidavit to be misleading. *See, e.g., United States v. Reivich,* 793 F.2d 957 (8th Cir.1986); *United States v. Dennis,* 625 F.2d 782 (8th Cir.1980). However, in order to prevail under *Franks,* the defendant must show that—absent the false or misleading information—the affidavit does not support a finding of probable cause. Burnside has failed to meet this requirement.

Burnside asserts that Officer Ericsson's observation that Burnside's car door panel was replaced was controverted at the suppression hearing and, therefore, this information was false. Giving Burnside the benefit of any doubt, while he may have established that Officer Ericsson's observations about the door panel were false, he did not show the alleged false statement was made knowingly and intentionally or with reckless disregard for the truth. Even if he had made such a showing, absent the information concerning the door panel, the affidavit nevertheless contains

information sufficient for a probable cause determination. This information includes the previous drug deliveries, details of Burnside's drug organization, and the overheard conversation that Burnside was soon to make another delivery. Thus, even if Burnside had established that Officer Ericsson had intentionally or recklessly made a misleading statement, Burnside failed to demonstrate that the statement would have affected the probable cause determination.[1]

## II

■ We next address the arguments Burnside has raised to challenge the conviction for possession of psilocybin mushrooms with the intent to deliver.

### A.

Burnside argues that the verdict on this charge was not supported by substantial evidence. Our review of the sufficiency of the evidence is limited in scope. We will not set aside a judgment of conviction entered upon a jury verdict if there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell*, 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct.App. 1983). Moreover, on appeal, we review the evidence in the light most favorable to the respondent. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App.1982).

Here, in order for the state to prove Burnside possessed the mushrooms, the state had to show that Burnside was aware the mushrooms were in his car and that he exercised dominion and control over them.

In short, the state had to show both knowledge and control. *State v. Segovia*, 93 Idaho 594, 468 P.2d 660 (1970); *State v. Greene*, 100 Idaho 464, 600 P.2d 140 (1979). Moreover, the jury could not infer constructive possession from the mere fact that Burnside occupied, with a passenger, the automobile in which the drugs were seized. *See, e.g., State v. Warden*, 97 Idaho 752, 554 P.2d 684 (1976). "It is fundamental to our system of criminal law that guilt is individual." *Delgado v. United States*, 327 F.2d 641, 642 (9th Cir.1964). Guilt by association simply is not sufficient. *State v. Vinton*, 110 Idaho 832, 718 P.2d 1270 (Ct.App.1986). Therefore, in order to prevail, the state had to offer evidence which established that Burnside, individually, knew of the illegal drugs and that he exercised dominion over them.

We conclude that the state did not meet this requirement. The mushrooms were discovered in a black vinyl bag in Burnside's automobile. When the police began their search of the car, Burnside told the officers that the bag was not his. At trial, Burnside's passenger, Redd, repeatedly declared that he, and not Burnside, owned the mushrooms. Evidence suggested that Burnside may have sold the mushrooms to Redd, several hours earlier, in a motel room. The mushrooms later were packaged for delivery. However, Redd claimed at trial, that he, and not Burnside, had packaged the mushrooms. When asked if he had packaged the mushrooms for Burnside, Redd stated that he could not remember.

This evidence does not establish that Burnside exercised dominion and control over the mushrooms, when in the car. The state failed to rebut Redd's claim of sole ownership. Burnside's prior sale of the drugs in the motel room may have indicated that he possessed the drugs at an earlier time, but it does not establish that he continued to possess them after the sale

---

1. In his appellate brief, Burnside mentions other details in the affidavit which he claims are misleading. Although these points were not raised in his motion to suppress before the district court, on our independent appellate re-

view, we conclude that they do not affect the magistrate's finding of probable cause, nor the district court's decision to deny the motion for suppression of the evidence.

was consummated.[2] The natural inference to be drawn from the alleged sale is that Redd, having purchased the drugs, was the one who possessed them at the time they were found by the police. Burnside would have surrendered his right of possession upon receiving payment. Burnside's remark to the police, that the black bag was not his, suggests he probably knew the drugs were in his car. The motel sale also indicates Burnside's knowledge. However, neither piece of evidence establishes control. We find an absence of evidence on this element of the offense. Therefore, we vacate the judgment of conviction for possession of psilocybin mushrooms with the intent to deliver.

### B.

▮ Burnside also argues the judgment of conviction should be set aside because, after the trial, a juror submitted an affidavit which stated he felt pressured into finding Burnside guilty of possessing psilocybin mushrooms with the intent to deliver. Since we have vacated this part of the judgment of conviction, the issue is moot. However, we will take this opportunity to reiterate that a jury's verdict cannot be impeached by affidavit or otherwise except where the verdict was determined by chance or where extraneous prejudicial information or outside influence may be identified. *Roll v. City of Middleton*, 115 Idaho 833, 771 P.2d 54 (Ct.App.1989). In this regard, I.R.E. Rule 606(b), states:

· [A] juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent or to dissent from the verdict or indictment or concerning

his mental processes in connection therewith. . . .

In conclusion, we vacate that part of the judgment convicting Burnside of possessing psilocybin mushrooms with intent to deliver and the sentence imposed for that offense. We affirm the part of the judgment convicting Burnside of possession of methamphetamine.

SWANSTROM, J., and SMITH, J., Pro Tem., concur.

---

2. The state argues on appeal that the jury may have convicted Burnside for possessing mushrooms in the motel room. A note sent out by the jury stating "are we making a judgment on delivery ... at the motel or at the vehicle?" suggests the jury may have found Burnside possessed the mushrooms with the intent to deliver earlier in the evening. However, Burnside was not tried upon this theory. In fact, when the jury's note was delivered, the state conceded it

was prosecuting Burnside for possession of mushrooms in the automobile. We believe it would be inappropriate to allow the state to now take a contrary position on appeal, when Burnside understood at trial that he only had to persuade the jury he did not possess the mushrooms in the car, and not, also, that he had to defend against a claim that he possessed the mushrooms earlier in the motel room.