5 P.2d 488

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeremy M. ZENTNER, Defendant–Appellant.**

**No. 25359.**

Court of Appeals of Idaho.

June 30, 2000.

Timothy H. Gresback, Moscow, for appellant.

Hon. Alan G. Lance, Attorney General; Rebekah A. Cude, Deputy Attorney General, Boise, for respondent. Rebekah A. Cude argued.

LANSING, Judge.

Jeremy Zentner challenges the district court's denial of his motion to suppress evidence found on his person while he was being booked into the Kootenai County jail. Zentner argues that his roadside arrest was illegal and therefore the evidence found during

the subsequent search at the jail should have been suppressed.

## BACKGROUND

Zentner was a backseat passenger in an automobile that was stopped by Kootenai County sheriff's deputy Amy Knisley. Knisley noticed that the vehicle had two broken taillights, and she therefore turned on her overhead lights to stop the vehicle. The driver continued traveling, however, and did not pull over until Knisley began honking her horn. While following the automobile, Knisley noticed that its occupants were moving around excessively.

After stopping, the driver of the vehicle could not produce a driver's license, proof of insurance or a vehicle registration. The front seat passenger, Ryan Hansen, told Deputy Knisley that he had recently purchased the automobile, and he provided a document resembling a handwritten bill of sale. Knisley radioed for a records check, which revealed that the license plates were registered to a different automobile. Knisley then asked the driver to get out of the vehicle and inquired whether there were any weapons inside. The driver informed Knisley that one of the passengers had a stun gun. Knisley then asked Hansen to exit the vehicle to explain the license plate discrepancy since he was the one who allegedly owned the vehicle. Due to the stun gun information, Knisley frisked Hansen. While being frisked, Hansen said that he had a bag of dope in his pocket. Knisley removed the bag and arrested him.

Upon returning to the vehicle, Knisley noticed a bag containing a powder substance in a hole in the front dashboard. Knisley did not seize the bag but asked Zentner, who was still in the backseat, to exit the vehicle. Zentner was frisked, but Knisley did not find anything on his person, and he was not arrested. At some point during these events, Knisley had called for backup. About a half

hour later, Deputy James Melton, a drug task force detective, arrived to investigate the possibility of a controlled substance in the vehicle. Melton searched the passenger compartment and found the bag in the dashboard. It contained approximately 15 grams of a substance that was later identified as methamphetamine. Melton also found a dollar bill rolled up into a tube shape in the glove box and a backpack on the backseat that contained scales with a white powder residue and nine baggies containing methamphetamine. Melton then placed Zentner under arrest for possession of methamphetamine and possession of paraphernalia. Zentner was transported to the Kootenai County jail where he was searched. The search uncovered a bag of methamphetamine in Zentner's sock. Following a preliminary hearing, Zentner was charged by information with one count of possession of methamphetamine, I.C. § 37–2732(c)(1), based upon the methamphetamine concealed in his sock.[1]

Zentner filed a motion to suppress the methamphetamine found during the post-arrest search at the jail. He argued that he had been unlawfully arrested without probable cause and that the methamphetamine was found as a result of the unlawful arrest. The court denied the motion. Zentner then entered a conditional guilty plea, reserving the right to appeal the denial of his suppression motion. On appeal, Zentner renews his argument that his arrest was not supported by probable cause and therefore the search of his person incident to that arrest was unlawful.

## ANALYSIS

The search of Zentner at the police station was permissible only if his arrest was lawful. *State v. Pannell,* 127 Idaho 420, 425, 901 P.2d 1321, 1326 (1995); *State v. Foldesi,* 131 Idaho 778, 781, 963 P.2d 1215, 1218 (Ct.App.1998). Thus, the admissibility of evidence disclosed

---

1. Zentner was originally charged by complaint with one count of possession of methamphetamine with intent to deliver, I.C. § 37–2732(a), based upon the contents of the backpack and the methamphetamine in Zentner's sock. However, at the preliminary hearing the magistrate held that the State had not met the burden to show probable cause to believe that the backpack and its contents were in the possession and control of Zentner. Therefore, the magistrate bound Zentner over to the district court only on a charge of possession of the methamphetamine found on his person.

by the search turns upon the legality of Zentner's roadside arrest.

■ Under Idaho Code § 19–603(3), an officer may make a warrantless arrest "when a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it." In addition, the Fourth Amendment prohibition against unreasonable seizures requires that arrests be made only upon probable cause. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145 (1964); *Draper v. United States*, 358 U.S. 307, 310–11, 79 S.Ct. 329, 331–332, 3 L.Ed.2d 327, 330–331 (1959); *State v. Cook*, 106 Idaho 209, 215, 677 P.2d 522, 528 (Ct.App.1984).

■ The probable cause standard has been described by our Supreme Court as follows:

> Reasonable or probable cause for an arrest exists where the officer possesses information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty. In evaluating a police officer's determination of probable cause in the field, a court must take into account the factual and practical consideration of everyday life on which reasonable and prudent men, not legal technicians, act. In determining whether there is probable cause for an arrest, an officer is entitled to draw reasonable inferences from the available information in light of the knowledge that he has gained from his previous experience and training.

*State v. Kysar*, 116 Idaho 992, 993, 783 P.2d 859, 860 (1989) (quotes and citations omitted). *See also State v. Buti*, 131 Idaho 793, 797, 964 P.2d 660, 664 (1998); *State v. Headley*, 130 Idaho 339, 341, 941 P.2d 311, 313 (1997). This standard of probable cause for an arrest must be distinguished from the burden of proof that is borne by the State at trial. The adequacy of probable cause is not measured against the high standard of proof beyond a reasonable doubt that is required for conviction. *Draper*, 358 U.S. at 311–12, 79 S.Ct. at 332–333, 3 L.Ed.2d at 330–332; *Brinegar v. United States*, 338 U.S. 160, 172–75, 69 S.Ct. 1302, 1309–1311, 93 L.Ed. 1879, 1888–1890 (1949); *State v. Alger*, 100 Idaho 675, 677,

603 P.2d 1009, 1011 (1979); *State v. Holcomb*, 128 Idaho 296, 299, 912 P.2d 664, 667 (Ct. App.1995).

■ When a defendant has unsuccessfully sought suppression of evidence on a claim that he was arrested without probable cause, on appellate review this Court accepts the trial court's findings of fact unless they are clearly erroneous, but we freely review application of constitutional principles to the facts found. *Hernandez v. State*, 132 Idaho 352, 356, 972 P.2d 730, 734 (Ct.App.1998).

■ Here, Zentner's arrest was predicated on the drugs contained in a backpack that was lying next to him on the backseat. Thus, on Zentner's suppression motion it was incumbent upon the State to show that Deputy Melton had probable cause to believe that Zentner had constructive possession of the drugs. An individual is in constructive possession if the individual had knowledge and control of the substance. *State v. Greene*, 100 Idaho 464, 466, 600 P.2d 140, 142 (1979); *Holcomb, supra; State v. Gomez*, 126 Idaho 700, 706, 889 P.2d 729, 735 (Ct.App.1994). "[C]onstructive possession exists where a nexus between the accused and the controlled substance is sufficiently proven so as to give rise to the reasonable inference that the accused was not simply a bystander but, rather, had the power and the intent to exercise dominion or control over the [drugs]." *State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct.App.1987).

Zentner argues that probable cause was lacking because he was not the sole occupant of the vehicle and there was nothing in the backpack indicating that the backpack or the drugs belonged to him as distinguished from the driver or the other passenger. In support of his argument Zentner relies upon *State v. Burnside*, 115 Idaho 882, 885, 771 P.2d 546, 549 (Ct.App.1989), where we set aside a conviction for possession of psilocybin mushrooms with intent to deliver. In that case, officers found the mushrooms in a search of Burnside's automobile, which had recently been occupied by Burnside and a passenger. At Burnside's trial, the passenger testified that he, not Burnside, owned the mushrooms. We concluded that the jury's

guilty verdict could not be sustained due to the absence of evidence that the mushrooms were owned or controlled by Burnside. However, *Burnside* does not mandate a conclusion that Zentner's arrest was without probable cause, for the issue addressed in *Burnside* was the quantum of evidence necessary to prove guilt beyond a reasonable doubt at trial, a much stricter standard of proof than that applicable to an officer's in-the-field determination of probable cause to arrest.

On the uncontroverted facts presented here, we conclude that the district court correctly held that Deputy Melton had probable cause to arrest Zentner for possession of the drugs in the backpack. Suspicious behavior by a suspect when he becomes aware of a law enforcement officer's presence is a circumstance that can link him to drugs found on premises of which he is in non-exclusive possession. *Greene, supra.* *See also Gomez,* 126 Idaho at 707, 889 P.2d at 736. The facts known to officers at the time of Zentner's arrest include not only the proximity of the backpack to Zentner as he was situated in the backseat of the vehicle, but also Deputy Knisley's observation, while attempting to stop the vehicle, that all three occupants were moving excessively about the interior of the car for a period before the driver finally brought the vehicle to a stop. From this excessive activity, followed by the discovery of drugs in the automobile, an officer could reasonably infer that *all* of the occupants had been taking steps to conceal the contraband in the car. This evidence, together with Zentner's physical position on the seat next to the backpack, would lead a prudent person to entertain an honest and strong suspicion that Zentner had knowledge and control of the contraband in the backpack. Although the evidence might have been insufficient to convict Zenter for possession of the drugs in the backpack, it was adequate to create probable cause for his arrest. *Compare United States v. Heiden,* 508 F.2d 898 (9th Cir.1974); *United States v. Caves,* 890 F.2d 87 (8th Cir.1989). Accordingly, we agree with the district court's determination that Zentner's arrest was lawful and that evidence discovered in his post-arrest search was therefore not subject to suppression.

The order denying Zentner's motion to suppress evidence is affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN concur.