**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46176**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 1, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRIAN CHIKEZIE EBOKOSIA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Nancy Baskin, District Judge.

Judgment of conviction for felony trafficking in marijuana, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Brian Chikezie Ebokosia appeals from his judgment of conviction entered upon the jury verdict finding him guilty of trafficking in marijuana. Ebokosia argues there was insufficient evidence to show that he was in possession of marijuana or that he aided and abetted in the possession. Because the State presented sufficient evidence to establish Ebokosia's knowledge and control of the marijuana in the vehicle, we affirm Ebokosia's judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 9, 2017, an officer initiated a traffic stop on a vehicle which was following too closely to another vehicle and appeared to be traveling in a three-car convoy. Ebokosia was the passenger in the front seat of the vehicle. When the officer made contact with the driver and Ebokosia, the driver explained he was following so closely because he did not have GPS. The driver also stated the other two cars would be waiting for him at the next interstate exit.

1

The officer observed a small clear plastic bag near the center console which contained a small amount of a leafy green substance the officer recognized as marijuana. When asked about the trip, Ebokosia explained he knew the driver from work and the two were travelling to Missouri after sightseeing in a redwood forest in Oregon. Ebokosia admitted he smoked marijuana while in Oregon.

Because of the marijuana in the small bag, the officer called for a secondary unit to perform a search of the vehicle. Two additional officers reported to the scene. The officers asked Ebokosia and the driver to step out of the vehicle, and the officers searched their persons. The officers then conducted a search of the vehicle. The luggage in the vehicle contained little to no winter clothing or coats, although it was December. The officers observed between four and six air fresheners throughout the vehicle, including one in the trunk. There were also boxes of uneaten cooked chicken in the vehicle. The officers stated the odor of marijuana was overwhelming once they opened the divider between the trunk and the back seat. The officers found two large duffel bags and a large black garbage bag in the trunk of the vehicle. The bags contained sealed packages of marijuana with a total weight of at least twenty-five pounds.

Ebokosia was arrested. The State charged Ebokosia with felony trafficking in marijuana, Idaho Code § 37-2732B(a)(1)(C), and the case proceeded to trial. During trial, the State twice moved to amend the charging information to include the alternative theory that Ebokosia aided and abetted the driver of the vehicle in trafficking marijuana. The district court denied the motions to amend the information, but instructed the jury on the alternative theory. The jury was provided Jury Instruction No. 16, which stated:

> The law makes no distinction between a person who directly participates in the acts constituting a crime and a person who, either before or during its commission, intentionally aids, assists, facilitates, promotes, encourages, counsels, solicits, invites, helps or hires another to commit a crime with intent to promote or assist in its commission. Both can be found guilty of the crime. Mere presence at, acquiescence in, or silent consent to, the planning or commission of a crime is not sufficient to make one an accomplice.

The jury found Ebokosia guilty of felony trafficking in marijuana. Ebokosia filed a motion for a judgment of acquittal pursuant to Idaho Criminal Rule 29 which argued the State failed to present sufficient evidence to support the jury's verdict. The district court denied Ebokosia's motion and imposed a determinate five-year sentence. Ebokosia timely appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Ebokosia asks this Court to vacate the district court's judgment and sentence for trafficking in marijuana. According to Ebokosia, there was insufficient evidence to prove he was in possession of the marijuana or that he aided and abetted in the possession of the marijuana.

According to the charging document, Ebokosia was "knowingly in actual and/or constructive possession of 25 pounds or more of marijuana." An individual is in constructive possession if the individual had knowledge and control of the substance. *State v. Zentner*, 134 Idaho 508, 510, 5 P.3d 488, 490 (Ct. App. 2000). In order to prove constructive possession, knowledge and control of the controlled substance must each be independently proven beyond a reasonable doubt by either circumstantial or direct evidence. *State v. Southwick*, 158 Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014). Constructive possession exists where there is a sufficient nexus between the accused and the controlled substance to show the accused was not simply a bystander but, rather, had the power and the intent to exercise dominion or control over the contraband. *Id.* Constructive possession cannot be inferred from the mere fact that the defendant occupied, with another individual, the vehicle in which the drugs were seized. *State v. Burnside*, 115 Idaho 882, 885, 771 P.2d 546, 549 (Ct. App. 1989); *see also State v. Gomez*, 126 Idaho 700, 706, 889 P.2d 729, 735 (Ct. App. 1994).

3

Ebokosia argues there was no evidence that he was in constructive possession of the marijuana because Ebokosia did not own or rent the vehicle, have access to the trunk, or possess the car keys. Ebokosia also contends he was not the driver of the vehicle and exhibited a calm demeanor throughout the stop.

## A.    Knowledge

There was substantial evidence upon which a trier of fact could have made a rational inference that Ebokosia had knowledge of the marijuana. The State presented evidence that Ebokosia was a passenger in a vehicle that appeared to be traveling as the middle car in a three-car convoy. The officer testified that she initiated a traffic stop, made contact with Ebokosia and the driver of the vehicle, and saw a plastic baggy of marijuana in plain view. The officer asked if Ebokosia and the driver smoked marijuana while in Oregon, and both answered in the affirmative. The officer testified there was evidence the occupants were masking the odor of marijuana in the vehicle, such as a freshly-lit cigarette and multiple air fresheners that hung throughout the vehicle. The officer observed uneaten chicken in the backseat, which the officer believed could also be used to mask odors. When the officer leaned inside the vehicle, she testified that even with the presence of cigarette smoke, air fresheners, and chicken, there was a strong odor of marijuana.

In addition, the jury heard evidence regarding the details of Ebokosia's trip. When the officer made contact with the occupants of the vehicle, Ebokosia and the driver informed the officer that they were driving to Missouri from Oregon, where they had been visiting and sightseeing in the redwoods. The officer testified that the distance from Oregon to Missouri was 1,855 miles with a travel time of twenty-eight hours. During the search of the vehicle, the officer did not find sufficient clothing for the winter weather or a multi-day vacation. The officer also testified there was no suitable attire for hiking in the redwoods.

Taken together, the State presented substantial evidence to establish that Ebokosia had knowledge of the marijuana in the trunk of the vehicle and that he was not simply an unknowing bystander. The jury heard evidence that Ebokosia was traveling in a vehicle that contained marijuana and smelled of marijuana. When asked, Ebokosia admitted he smoked marijuana when he was in Oregon, which indicated that Ebokosia was familiar with the odor of the drug. Additionally, the vehicle was filled with uneaten chicken and air fresheners, which a jury could infer were meant to mask the scent of marijuana. It was therefore reasonable for the jury to

4

conclude that an individual who is traveling on an extended trip in an automobile smelling of marijuana would have knowledge of the marijuana inside the vehicle.

## B.    Control

The next issue is whether Ebokosia had control of the marijuana in addition to knowledge. Ebokosia argues he could not have control over the marijuana because he did not own or rent the vehicle, did not have access to the trunk, did not possess the car keys, was not driving the vehicle, and exhibited a calm demeanor during the stop. We disagree.

Although the vehicle was not owned or rented by Ebokosia, it was similarly not owned or rented by the driver. There was no evidence that only the driver was able or authorized to drive the vehicle, or conversely, that Ebokosia was unable or unauthorized to drive. A reasonable jury could conclude that in the course of a 1,855 mile trip, the parties would share the driving responsibilities, particularly where the vehicle was not owned or rented by either party. Thus, the identity of the person driving at the time of the stop was not dispositive of whether Ebokosia had the ability during the course of the trip to exercise control over the marijuana in the trunk.

The jury also heard evidence regarding Ebokosia's access to marijuana in the vehicle. Not only was there marijuana in the center console, but Ebokosia could access the trunk from both inside and outside of the vehicle. Keys were not required to open the trunk, as shown by the officers' search of the vehicle. There was testimony that the console in the backseat could be pulled down and opened to gain access to the trunk area. This action could be performed from within the vehicle, without any need to open the trunk from the outside. The search of the vehicle also revealed that it was easy to gain access to the trunk from outside the vehicle. To open the trunk during the search, an officer simply walked to the driver's side of the vehicle and "popped the trunk," further indicating that access to the trunk did not require any more than a push of a button. In the course of such a long trip, the jury could reasonably infer that Ebokosia could access the trunk, either while the vehicle was moving or during a stop. When considering all of the evidence, a jury could reasonably infer Ebokosia had control over the marijuana during the course of the trip.

The jury heard evidence that Ebokosia was the passenger in the middle car of a three-car convoy and was traveling on a trip of nearly 1,900 miles. The jury also heard evidence that the vehicle smelled of marijuana and contained scent-masking items such as air fresheners and uneaten chicken. Here, a reasonable trier of fact could have inferred that Ebokosia was not an

5

innocent bystander, but rather, had knowledge and control of the contraband. The State presented sufficient evidence to establish that Ebokosia constructively possessed twenty-five pounds or more of marijuana. Because there was sufficient evidence that Ebokosia had knowledge and control of the marijuana in the vehicle, we need not address Ebokosia's argument regarding the sufficiency of the evidence of the aiding and abetting.

## IV.

## CONCLUSION

Because the State presented sufficient evidence to establish Ebokosia's knowledge and control of the marijuana in the vehicle, we affirm Ebokosia's judgment of conviction.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.