**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46366**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 30, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| OMAR R. ROSALES-HENSLEY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order denying motion to suppress, <u>affirmed</u>; order withholding judgment, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Omar R. Rosales-Hensley appeals from the district court's order withholding judgment entered upon his conditional guilty plea to possession of a controlled substance, methamphetamine. Specifically, Rosales-Hensley challenges the district court's denial of his motion to suppress and its determination that the search of his person was incident to a lawful arrest. For the reasons explained below, we affirm the district court's denial of Rosales-Hensley's motion to suppress and the order withholding judgment.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer McClure initiated a traffic stop of a vehicle for expired license plate tags. Upon making contact, he observed three passengers: a male driver, a female front-seat passenger, and Rosales-Hensley in the backseat. After returning to his patrol car to run the driver's information,

1

Officer McClure noticed the passengers in the vehicle were moving around "quite a bit." He later testified the movement made him concerned they may be trying to conceal evidence of drug activity. Upon receiving confirmation of an outstanding warrant for the driver, Officer McClure called for backup. The driver was taken into custody and questioned by additional officers on scene. None of the vehicle's occupants were able to identify the owner of the vehicle, causing some suspicion that it may be stolen, and the stop was extended as a result. Officer Bloxham was assisting on scene and testified that during the encounter Rosales-Hensley exhibited signs of being under the influence of drugs.

A drug dog unit arrived and alerted on the vehicle. This prompted a search of the vehicle's interior; a hypodermic syringe loaded with methamphetamine was found in the glove compartment and three used syringes were found in a backpack. The backpack contained mostly women's clothing and was located in the backseat near Rosales-Hensley. None of the occupants admitted to possessing the drugs or paraphernalia. Both Rosales-Hensley and the female passenger were searched pursuant to a Department policy[1] that stated the presence of drugs in a vehicle provides probable cause for the arrest of all the occupants in a vehicle. In conducting the search, Officers found a black neoprene armband containing a small vial of methamphetamine on Rosales-Hensley's ankle. He was placed under arrest and charged with possession of a controlled substance.

Rosales-Hensley filed a motion to suppress, arguing the evidence found on his person was obtained as the result of an illegal search. Specifically, he argued the search was not supported by probable cause because the basis for an arrest must be the actual existence of probable cause unique to the individual being arrested. The district court denied the motion, finding the search was incident to a lawful arrest. Rosales-Hensley timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

---

[1] Officer Bloxham stated that the policy was to arrest all if none of the occupants claimed responsibility.

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The search of Rosales-Hensley was permissible only if supported by probable cause to arrest him. This determination turns on whether sufficient probable cause existed at the time of the search. A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). A search incident to a valid arrest is among those exceptions and, thus, does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996). Pursuant to this exception, the police may search an arrestee incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *Moore*, 129 Idaho at 781, 932 P.2d at 904. So long as the search and arrest are substantially contemporaneous, and the fruits of the search are not required to establish probable cause for the arrest, the search need not precisely follow the arrest in order to be incident to that arrest. *State v. Lee*, 162 Idaho 642, 649, 402 P.3d 1095, 1102 (2017).

Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Probable cause is not measured by the same level of proof required for conviction. *Id*. Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Julian*, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer's actions, the court must judge the facts against an objective standard. *Julian*, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id*. A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable

3

person acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000).

Although a drug's odor detected by a drug dog alerting on a vehicle provides probable cause to believe that the drug is present and authorizes the search of the vehicle, the mere existence of the drug in the vehicle does not itself authorize the police either to search or provide probable cause to arrest all persons in the vehicle. *United States v. Humphries*, 372 F.3d 653, 659 (4th Cir. 2004). Occupants of a vehicle continue to have a heightened expectation of privacy, which protects against personal searches without a warrant or an exception to the warrant requirement. *See Wyoming v. Houghton*, 526 U.S. 295, 303 (1999). A search or seizure of a person must be particularized and supported by probable cause with respect to that person. *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). However, the probable cause standard necessary for an arrest must be distinguished from the burden of proof that is borne by the State at trial because the adequacy of probable cause is not measured against the high standard of proof beyond a reasonable doubt that is required for conviction. *State v. Zentner*, 134 Idaho 508, 510, 5 P.3d 488, 490 (Ct. App. 2000).

The district court held there was sufficient probable cause to search Rosales-Hensley incident to a lawful arrest based on the following observations: the drug dog's alert on the vehicle; the presence of narcotics in the vehicle; significant movement by the passengers in the vehicle; the proximity of the backpack to Rosales-Hensley; and Officer Bloxham's observation that Rosales-Hensley appeared to be under the influence of drugs. These observations, taken together, lead to the conclusion there was probable cause to believe that Rosales-Hensley was in possession of drug evidence.

As we held in *Zentner*, when there is significant movement by the occupants of a vehicle, followed by the discovery of drug evidence in that vehicle, it is reasonable for an officer to infer that all the occupants have been taking steps to conceal contraband. *Zentner*, 134 Idaho at 511, 5 P.3d at 491. Rosales-Hensley argues that the presence of female items in the backpack should sufficiently separate him from any inference that he had either knowledge or control over any drug items found in the bag. Though these observations alone may not be sufficient to establish that Rosales-Hensley possessed the items in the backpack for purposes of a conviction, they are enough to establish probable cause for an arrest. The combination of the excessive movement, the appearance of being under the influence of drugs, and the drug dog's alert on the vehicle was

4

sufficient to conclude that Rosales-Hensley had been attempting to hide drug evidence. Further, the female items in the backpack do not absolve Rosales-Hensley given his close proximity to the bag and the inferences focusing on whether the occupants were attempting to quickly hide drug evidence.

As the Supreme Court stated in *Maryland v. Pringle*, 540 U.S. 366 (2003), probable cause deals with "probabilities" not "[f]inely tuned standards such as proof beyond a reasonable doubt." In this case, the facts taken together are adequate to give rise to a finding of probable cause sufficient to sustain Rosales-Hensley's arrest.

## IV.
## CONCLUSION

There was sufficient probable cause established to justify the search of Rosales-Hensley. Therefore, the district court did not err in denying Rosales-Hensley's motion to suppress. Accordingly, we affirm the district court's denial of Rosales-Hensley's motion to suppress and the order withholding judgment.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.