# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48977

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JAMES THEODORE GARDINER,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  September 30, 2022

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Richard S. Christensen, District Judge.

Judgments of conviction for felony possession of a controlled substance and misdemeanor possession of a controlled substance, possession of drug paraphernalia, and obstructing an officer, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

James Theodore Gardiner appeals from his judgments of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, possession of drug paraphernalia, and obstructing an officer.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Gardiner was the passenger in a vehicle involved in a traffic stop.  Upon approaching the vehicle, an officer smelled a strong odor of marijuana.  Officers ordered both the driver and Gardiner out of the car.  The officers searched the car and found a glass marijuana pipe inside of a "zip-up container" on the passenger seat where Gardiner had been sitting.  The officers also

1

found a jar of marijuana on the driver's seat, a small bag of marijuana in the center console, and another small bag of marijuana in the back seat. The officers arrested the driver after she admitted that the marijuana was hers.

Following the driver's arrest, an officer informed Gardiner that he was "also going to jail." Gardiner responded by clutching his hands to his chest and refusing to relax them when the officers attempted to place Gardiner under arrest. A struggle ensued with Gardiner "twisting and turning away from" the officers. Both Gardiner and the officers ended up on the ground. During the struggle, an officer informed Gardiner that he was being arrested for "frequenting." One officer deployed a Taser twice and, ultimately, the officers subdued Gardiner. A field search of Gardiner's person yielded a small bag of marijuana and a pipe used to smoke controlled substances. Later, at the jail, officers again searched Gardiner's person and found a small bag containing methamphetamine. The State charged Gardiner with felony possession of a controlled substance (methamphetamine), attempting to introduce major contraband into a correctional facility, possession of drug paraphernalia, frequenting a place where illegal controlled substances are held, misdemeanor possession of a controlled substance (marijuana), and obstructing an officer.

Gardiner filed a motion to suppress, contending that his arrest was unlawful because the crime of frequenting does not apply to vehicles on the side of a road and that, because his arrest was unlawful and (according to Gardiner) his actions were peaceful, he could not be arrested for obstructing an officer. At the end of the hearing on the motion, the district court requested additional briefing on whether there was probable cause to arrest Gardiner for a crime other than frequenting. The parties submitted the requested briefing. The district court concluded that there was probable cause that Gardiner possessed drug paraphernalia (specifically, the glass marijuana pipe found on the passenger seat), providing a justification for the arrest. On that basis, the district court denied Gardiner's motion to suppress.

Subsequently, the district court dismissed the frequenting charge after concluding that the frequenting statute was unconstitutionally vague as applied to Gardiner's conduct. The case proceeded to a bench trial. At the beginning of trial, the State dismissed the charge for attempting to introduce major contraband into a correctional facility. The district court found Gardiner guilty of felony possession of a controlled substance (methamphetamine), I.C. § 37-2732(c)(1); possession of drug paraphernalia, I.C. § 37-2734A(1); misdemeanor possession of a controlled

2

substance (marijuana), I.C. § 37-2732(c)(3); and obstructing an officer, I.C. § 18-705. Gardiner appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Gardiner asserts the district court erred in holding that his arrest was justified based on probable cause that he possessed drug paraphernalia and that this error is not harmless. The State responds that there was probable cause Gardiner possessed drug paraphernalia. The State argues, in the alternative, that any error was harmless because the officers could have arrested Gardiner for obstructing an officer. The State further argues that, even if the evidence found during the post-arrest searches should have been suppressed, the error is harmless as it concerns the conviction for obstructing an officer because Gardiner forcibly resisted arrest. In reply, Gardiner asserts that the case law relied on by the State concerning forcible resistance relies on dicta "based upon a now debunked theory of statutory construction" and that, under a plain language interpretation, I.C. § 18-705 does not criminalize forcible resistance to an unlawful arrest. Because we affirm the district court's conclusion that the officers had probable cause Gardiner possessed drug paraphernalia, rendering the arrest lawful, we do not address the parties' other arguments.

Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty. *State v. Islas*, 165 Idaho 260, 264, 443 P.3d 274, 278 (Ct. App. 2019). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the

moment of the seizure warranted a person of reasonable caution to believe that the action taken was appropriate. *State v. Hobson*, 95 Idaho 920, 925, 523 P.2d 523, 528 (1974); *Islas*, 165 Idaho at 264, 443 P.3d at 278. The facts making up a probable cause determination are viewed from an objective standpoint. *Islas*, 165 Idaho at 264, 443 P.3d at 278. In passing on the question of probable cause, the expertise and experience of the officer must be taken into account. *State v. Ramirez*, 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct. App. 1991). An officer's decision to arrest for a specific crime does not preclude a trial court from holding that an arrest was lawful based on probable cause for a different crime. *State v. Schwarz*, 133 Idaho 463, 468, 988 P.2d 689, 694 (1999).

Possession may be either actual or constructive. *State v. Southwick*, 158 Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014). An individual is in constructive possession if the individual had knowledge and control of the substance. *State v. Zentner*, 134 Idaho 508, 510, 5 P.3d 488, 490 (Ct. App. 2000). Constructive possession of a controlled substance exists where a nexus between the accused and the controlled substance is sufficiently proven so as to give rise to the reasonable inference that the accused was not simply a bystander but, rather, had the power and the intent to exercise dominion or control over the substance. *State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct. App. 1987). Suspicious behavior by an individual upon learning of an imminent search is a circumstance that can link the individual to drugs found in a vehicle in which that individual is not the sole occupant. *Southwick*, 158 Idaho at 179, 345 P.3d at 238.

Gardiner asserts that the officer lacked "evidence showing [Gardiner] had the power and intention to control the pipe found in the zip-up container" discovered on the passenger seat where Gardiner had been sitting before exiting the vehicle. The district court found that, as the officer first approached the vehicle, the officer "could smell a strong odor of marijuana." The district court further found that, after Gardiner exited the vehicle, the officers located marijuana in "several locations of the vehicle" and a glass marijuana pipe in a "zip-up container on the seat where [Gardiner] had been sitting." One officer testified that Gardiner was clenching his fists after being removed from the vehicle and that he did not "seem thrilled that [the officers] were searching the vehicle." Gardiner's "overall demeanor" was such that the officer felt that using handcuffs to detain Gardiner during the search "would cause a physical confrontation." Given Gardiner's reaction during the search, the odor and presence of marijuana and the zip-up container on the seat

where Gardiner had been sitting, we conclude that the officers had probable cause that Gardiner had the power and intention to control the glass marijuana pipe in the zip-up container. *Cf. Zentner*, 134 Idaho at 510-11, 5 P.3d at 490-91 (holding there was probable cause that a suspect was in constructive possession of drugs located in a backpack when an officer observed the vehicle's occupants "moving excessively about the interior of the car for a period before the driver finally brought the vehicle to a stop," the officers discovered other drugs in the vehicle, and the backpack containing drugs was "lying next to [the suspect] on the backseat").

Gardiner notes that he was not arrested for possessing drug paraphernalia and that one officer "did not testify that he believed [Gardiner] knew of the presence of the [marijuana] pipe" or "that he had the power and intention to control it." As Gardiner acknowledges, however, an arrest can be justified based on probable cause for a crime different than the crime announced during an arrest. *See Schwarz*, 133 Idaho at 468, 988 P.2d at 694. In addition, an officer's subjective belief regarding the presence or absence of probable cause is not relevant to our inquiry. *Id.* For the reasons stated, the objective facts available to the officers established probable cause.

Next, Gardiner asserts that an officer "apparently *did* believe the driver" when she "claimed ownership of all the marijuana found in her vehicle." According to Gardiner, this Court lacks "the power to second-guess [the officer's] determination of the driver's credibility." Gardiner, however, provides no citation to authority that an officer's credibility determination is binding on an appellate court. In any event, because two parties can possess an item jointly, the driver's admission does not preclude a conclusion that the officers had probable cause that Gardiner possessed the drug paraphernalia. *See State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999) (noting that "constructive possession may be joint or exclusive").

Finally, in his reply brief on appeal, Gardiner asserts that "the State's argument on appeal does not rely upon the facts as found by the district court"--specifically the testimony regarding his demeanor. Gardiner asserts that this "testimony is irrelevant to this Court's consideration" because the district court did not make factual findings regarding his demeanor. In support, Gardiner cites to *State v. Julian*, 129 Idaho 133, 922 P.2d 1059 (1996), a plurality opinion. Specifically, Gardiner relies on a portion of *Julian* joined by two justices holding "that an objective assessment of the facts as found by the district court gave the deputies probable cause to arrest." *Id.* at 137, 922 P.2d at 1063 (Silak, J., lead opinion). As we have noted before, the "the precedential

value of this portion of [*Julian*] is questionable" because two other justices "concurred in the result on wholly different grounds" and the remaining justice dissented. *Hernandez v. State*, 132 Idaho 352, 357 n.10, 972 P.2d 730, 735 n.10 (Ct. App. 1998). Aside from questioning the precedential value, we do not read this portion of *Julian* as holding that a fact contained in an officer's testimony is irrelevant if a trial court fails to find that particular fact expressly. Although the two-justice lead opinion noted that the facts were found by the district court, this statement was descriptive, not prescriptive. In any event, the Idaho Supreme Court subsequently upheld a trial court's denial of a motion to suppress based on an officer's testimony but, contrary to Gardiner's reading of *Julian*, without noting that the facts were found by the trial court. *See State v. Svelmoe*, 160 Idaho 327, 333, 372 P.3d 382, 388 (2016). We decline to interpret the two-justice lead opinion in *Julian* as cabining an appellate court's review to only those facts expressly found by the district court, particularly in light of precedent providing for consideration of implicit findings. *See, e.g.*, *Schevers*, 132 Idaho at 788, 979 P.2d at 661 (noting that, when a trial court fails to make express findings of fact in deciding a motion to suppress, an appellate court should examine the trial court's implicit findings). Because Gardiner has failed to show error in the district court's conclusion that the officers had probable cause that he possessed drug paraphernalia, we do not address the parties' remaining arguments.

## IV.

## CONCLUSION

The officers had probable cause that Gardiner possessed drug paraphernalia and, thus, the district court did not err in denying Gardiner's motion to suppress. Consequently, Gardiner's judgments of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, possession of drug paraphernalia, and obstructing an officer are affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

6